```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,
                    Plaintiff(s),                    REPORT AND
                                                     RECOMMENDATION
       -against-                                     CV 09-3482 (ADS) (WDW)

FRANK PALAPOLI, et al.,
                    Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Spatt is the plaintiff's motion for default judgment against defendants HSBC Mortgage Corporation, New York State Department of Taxation and Finance, Winick & Rich, P.C., and Nicholas & Leonard, Inc. (The "defaulting defendants") and a determination of what relief, if any, should be granted if judgment is entered. I recommend that a default judgment be entered against the defaulting defendants and that the court award the relief sought, that is, entry of judgment noting that the defaulting defendants have no right, title, claim or interest in the Property owned by defendants Frank Palapoli and Sandra Palapoli.

## DISCUSSION

The defaulting defendants were duly served, but have not appeared, and the time to do so has expired. The Clerk noted their defaults on 10/3/11 and the plaintiff moved for default judgment on 10/5/11. No opposition to the motion has been filed.

Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, the defaulting defendants have failed to answer the Complaint and are therefore non-responsive parties. I

recommend that default judgment be entered and turn to the relief to be awarded.

The plaintiff does not seek damages, but seeks only a judgment noting that the defaulting defendants have no right, title, claim or interest in the Property owned by defendants Frank Palapoli and Sandra Palapoli. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). In the complaint, the plaintiff seeks to reduce certain tax assessments to judgment against non-defaulting defendant Frank Palapoli and to foreclose federal tax liens against real property located at 1241 Moores Hill Road, Laurel Hollow, New York (the "Property") titled to Frank Palapoli and Sandra Palapoli. The defaulting defendants were named in the Complaint solely because they may have an interest in the Property upon which the plaintiff United States seeks to enforce the lien. The court may reasonably interpret their defaults as evidence that they claim no such interest. The relief sought is warranted under these circumstances and should be awarded.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to fax a copy of it if possible, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 4, 2011

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge